EMMA LANSBERRY ET AL. v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

Decided November 9, 1923.

Negligence—Accident at Railroad Crossing—Plaintiff, Resident of Pennsylvania, Injured in that State—Law of that State Governed—Contributory Negligence There not to Stop as well as Look and Listen.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Frederic B. Scott.*

*Contra, Mark Townsend, Jr.*

PER CURIAM.

The plaintiffs are the wife and children of Luther Lansberry, deceased, who was killed on the 1st of March, 1922, at a highway crossing over the defendant's railroad at the

village of Espey, in the State of Pennsylvania. The decedent and his family were residents of Espey at the time of his death and the widow and children still reside at that place.

The decedent was a dairyman, and, having finished his morning deliveries, he left his truck parked about one hundred and twenty feet from the railroad station of the defendant company at Espey and went into the station, where he stayed half an hour or more, conversing with friends he found there. He then went back to his truck and started to drive to a vendue, which was to be held in the neighborhood at about ten o'clock in the morning. His way was across the tracks of the railroad company, and as he was crossing the tracks he was struck and killed by one of the defendant's trains. The trial resulted in a verdict in favor of the plaintiffs, and their compensation was fixed by the jury at $26,208. It is contended before us that the finding of the jury cannot be justified under the evidence and the law as laid down by the court in its charge.

Two primary questions were left by the court to the determination of the jury: *First,* whether the proofs satisfied them that the accident was the result of negligence on the part of the defendant's employes in the operation of the train, and, *second,* whether the decedent himself was guilty of contributory negligence; and the defendant attacks the action of the jury in resolving each of these questions in favor of the plaintiffs.

We do not find it necessary to consider whether or not the finding of negligence on the part of the employes of the defendant company was justified by the proofs; for it is quite clear that, in finding the decedent was not guilty of negligence contributing to the accident, the jury entirely disregarded the law as laid down by the trial judge in his charge. The accident, as has already been indicated, occurred in the State of Pennsylvavnia, and the trial judge charged the jury that the law of that state was controlling, and that under it a person about to cross over the tracks of a railroad company was required, for his own protection, not only to look and listen for the purpose of observing whether or not a train

was approaching, but that he must also stop for the purpose of making such observation, and, consequently, unless the decedent in the present case not only looked and listened, but also stopped, the plaintiffs could not recover. That the jury in finding its verdict absolutely disregarded this instruction is demonstrated by an examination of the proofs sent up with the rule. Two witnesses were called by the defendant—a farmer and his wife—who lived close to the crossing and observed the decedent as he approached it, each of whom testified that they observed the decedent from the time that his truck was at a point admittedly some ninety feet from the crossing until the accident happened, and that the truck was not stopped at any time while traveling over this distance. No evidence was offered on the part of the plaintiff to controvert this testimony, nor was there anything in the proofs to suggest that either of these witnesses was not disinterested, nor was there anything which directly or indirectly tended to discredit either of them.

Reaching the conclusion that the finding of the jury upon the question last referred to was in plain disregard of the instruction of the court, it is unnecessary to consider the other reasons submitted on the part of the defendant.

The rule to show cause will be made absolute.